UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Larson,<br><br>Petitioner,<br><br>v.<br><br>Warden B. Birkholz,<br><br>Respondent. | Case No. 21-cv-1990 (KMM/HB)<br><br>REPORT AND RECOMMENDATION |

HILDY BOWBEER, United States Magistrate Judge

This matter comes before the Court on Petitioner Robert Larson's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet. [ECF No. 1].) The petition was referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 for the issuance of a report and recommendation. For the reasons stated herein, the Court recommends that the petition be denied.

Larson is imprisoned in Federal Prison Camp (FPC) – Duluth, serving 292 months of prison time followed by 10 years of supervision for Conspiracy and Possession with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(a)(2), and 846, and Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). (Winger Decl. ¶ 6 [ECF No. 6].) He is over 60 years old and has a projected release date of February 12, 2024, via good conduct time. (*Id.*)

Larson sought to be moved to home confinement through the Bureau of Prison's

1

(BOP) Elderly Home Confinement Program. (Pet.) For background, the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), authorized BOP to create a home confinement pilot program for statutorily eligible elderly prisoners. 34 U.S.C. § 60541(g)(1). As relevant to this case, eligible means, in part, the offender "has not been convicted in the past of any Federal or State crime of violence . . . [and] has not been determined by the Bureau of Prisons, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence." *Id.*(g)(5)(A)(iv). If found eligible and sent to home confinement, an offender is not released from his sentence but instead serves his sentence at home so long as he follows the terms of the confinement. *Id.*(g)(2). Staff at FPC-Duluth evaluated Larson and found that he was not eligible due to a history of violence in his criminal record. (Winger Decl. ¶ 8.) According to his Presentence Investigation Report, Larson was arrested and convicted for Battery on a Person in 1980, Partner/Family Member Assault in 1996, Kidnapping in 1998, and Assault in 1999. *Id.* Larson filed this Petition, contending the violence history was false or incorrect, and that he had provided correct information to the prison staff but it was ignored. (Pet.)

The BOP enjoys discretion to designate the place of a prisoner's confinement, and "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b). *See also Fults v. Sanders*, 442 F.3d 1088, 1090 (8th Cir. 2006). Home confinement decisions enjoy the same discretion. 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under

2

section 3621.") The FSA did not alter the BOP's sole discretion, but merely expanded the opportunities for prisoners to be placed in home confinement (among other forms of alternative placement). "Nothing in the statutes amended by the FSA permits the Court to place Defendant in home confinement. Under the FSA, the authority to place a prisoner remains with the BOP." *United States v. James*, No. 15-CR-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020) (quoting *United States v. Kluge*, No. 17-CR-61 (DWF), 2020 WL 209287 at *3 (D. Minn. Jan 14, 2020).) "It is also well-established that prisoners do not have a constitutional right to placement in a particular facility or place of confinement." *Id.* (collecting cases). For these reasons, the Court concludes it lacks subject-matter jurisdiction to review the BOP's decision denying Larson placement in home confinement on statutory or constitutional grounds.

The BOP's discretion in this realm also means Larson does not have a statutory or constitutional right to placement in home confinement. "[T]he Attorney General *may* release *some* or all eligible elderly offenders . . . to home detention." 34 U.S.C. § `60541(g)(1)(B). Even if Larson were eligible, the statute grants the BOP discretion to decide whether to release him. And a prisoner has no protected liberty interest in serving his sentence at a particular institution, whether in a camp or on home confinement. *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976). Larson has no rights for the Court to vindicate through this petition, even if the Court could review it.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

    1. Robert Larson's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241

    [ECF. No. 1] be **DENIED**.

2. This action be **DISMISSED**.

Dated: June 6, 2022                                     /s *Hildy Bowbeer*
                                                                       HILDY BOWBEER
                                                                       United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the Report and Recommendation. A party may respond to the objections within fourteen days after being served with a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c)(1).